Affirmed and Memorandum Opinion filed July 16, 2009








Affirmed
and Memorandum Opinion filed July 16, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-09-00061-CV

____________

 

 

IN THE INTEREST OF K.L.B., A CHILD

 

 



 

On Appeal from the 74th
District Court

McLennan County, Texas

Trial Court Cause No. 2007-2164-3

 



 

M E M O R A N D U M   O P I N I O N








Appellant, Shinnequa= Crawley, appeals
from the termination of her parental rights to K.L.B., a child.  A jury found
that four separate grounds supported termination and that termination was in
the child=s best interest.  On appeal, Crawley does not contest
the termination of her rights to K.L.B. but instead challenges the sufficiency
of the evidence to support two of the grounds for termination: (1) that she
knowingly placed or knowingly allowed the child to remain in conditions or
surroundings which endangered the physical or emotional well‑being of the
child, and (2) that she engaged in conduct or knowingly placed the child with
persons who engaged in conduct which endangered the physical or emotional well‑being
of the child.  See Tex. Fam. Code ' 161.001(1)(D),
(E).  Crawley attacks these particular grounds because they could potentially
lead to termination of her parental rights to her other children.  See id.
' 161.001(1)(M). 
We affirm.

Transfer

  Pursuant to section 73.001 of the Texas Government Code,
the Texas Supreme Court has transferred this cause from the Tenth Court of
Appeals to the Fourteenth Court of Appeals.  Tex. Gov=t Code ' 73.001.  When a
case is transferred under section 73.001, the transferee court is to apply the
precedent of the transferor court Aif the transferee
court=s decision
otherwise would have been inconsistent with the precedent of the transferor
court.@  Tex. R. App. P. 41.3.

In In re S.N., the Tenth Court held that an
appellant in a parental termination case has a due process right to review of
termination grounds, when those grounds may be used to terminate the appellant=s rights to other
children not subject to the action then before the court, even though the
termination at issue is supported by other independent grounds.  272 S.W.3d 45,
61 (Tex. App.CWaco 2008, no pet.).  Appellant has not asked this
court to reverse the trial court=s judgment, but
rather has requested modification of the trial court=s order to delete
the findings basing termination on violations of subsections (D) and (E) of
Family Code section 161.001(1).  She argues that those findings may affect her
rights to other children in the future under subsection 161.001(1)(M). 
Although this court has yet to explicitly analyze the issue the Tenth Court
addressed in In re S.N., we have previously declined to address the
sufficiency of the evidence on additional grounds when just one of several
grounds found by the jury in support of termination had sufficient support in
the record.  See. e.g., In re T.T., 228 S.W.3d 312, 321 n.8 (Tex. App.CHouston [14th
Dist.] 2007, pet. denied) (declining to address the sufficiency of the evidence
to support findings under subsections 161.001(1)(D) and (E) but also not
addressing due process concerns as none were raised).








Under Texas Rule of Appellate Procedure 41.3, we will
follow Tenth Court precedent and address Crawley=s issues even
though she has not challenged the termination of her parental rights to K.L.B. 
See Tex. R. App. P. 41.3. 
This opinion, however, should not be viewed as controlling precedent for future
cases arising within our own statutory jurisdiction.

Background

Crawley tested positive for cocaine when she entered the
hospital to give birth to K.L.B.  Consequently, K.L.B. was removed from Crawley=s custody at the
hospital.  Although K.L.B. was born prematurely, her treating physician, Dr.
Darrell Wheeler, a pediatrician and neonatologist, could not say in his
testimony that Crawley=s cocaine use caused the premature birth. 
Wheeler further explained, however, that Crawley=s cocaine use
during pregnancy put K.L.B. at risk for both premature birth and long-term
developmental problems.  Patrick Brice, an investigator for Child Protective
Services, testified that Crawley admitted using cocaine at other times during
her pregnancy with K.L.B.  Brice further indicated that the places where people
go to purchase cocaine tend to be high crime areas and a pregnant woman=s presence in
those places would be dangerous to her unborn child.

Crawley testified that she has been addicted to cocaine for
ten years, with about two years of sobriety during the middle of that time
span.  She admitted using cocaine and going to an apartment to purchase cocaine
while pregnant with K.L.B.  She said that she did not know anyone at the apartment
but had heard that cocaine could be purchased there.  She further agreed that
dealing drugs was a dangerous business and that dealers sometimes have guns. 
Crawley specifically acknowledged that using cocaine and going to purchase
cocaine while pregnant with K.L.B. endangered the unborn child.  Additional
testimony provided further details regarding Crawley=s cocaine
addiction and demonstrated her failure to comply with provisions in a court
order concerning the potential return of K.L.B. to her care.








At the conclusion of the trial, the jury found that all
four grounds presented in the charge supported termination of Crawley=s parental rights,
including that Crawley:  (1) failed to comply with the provisions of a court
order establishing the actions necessary for return of the child; (2) used a
controlled substance in a manner that endangered the health or safety of the
child; (3) knowingly placed or knowingly allowed the child to remain in
conditions or surroundings which endangered the physical or emotional well‑being
of the child; and (4) engaged in conduct or knowingly placed the child with
persons who engaged in conduct which endangered the physical or emotional well‑being
of the child.  The jury also found that termination of Crawley=s parental rights
was in K.L.B.=s best interests.  In its final decree, the trial
court terminated Crawley=s rights in accordance with the jury=s findings.

Discussion

In her two issues, Crawley contends that the evidence was
legally insufficient to support the jury=s findings that
she (1) knowingly placed or knowingly allowed K.L.B. to remain in conditions or
surroundings which endangered the child=s physical or
emotional well‑being; and (2) engaged in conduct or knowingly placed
K.L.B. with persons who engaged in conduct which endangered the child=s physical or
emotional well‑being.  These grounds for termination are found,
respectively, in subsections (D) and (E) of section 161.001(1) of the Texas
Family Code.  Tex. Fam. Code ' 161.001(1)(D), (E).  As explained above,
Crawley challenges these grounds for termination because they could be used to
terminate her rights to her other children under section 161.001(1)(M) of the
Family Code.  Id. ' 161.001(1)(M).

In conducting a legal sufficiency review in the parental
rights termination context, we examine all of the evidence in the light most
favorable to the finding, giving due deference to the factfinder=s conclusions and
resolving disputed facts in favor of the finding if a reasonable factfinder
could have done so.  In re J.F.C., 96 S.W.3d 256, 266 (Tex. 2002).  If
we determine that no reasonable factfinder could have formed a firm belief or
conviction that the finding in question was true, then the evidence is legally
insufficient.  Id.








Crawley=s only argument regarding sufficiency of
the evidence posits that a proper statutory construction of section 161.001
does not contemplate conduct or conditions occurring during pregnancy.  In
other words, according to Crawley, evidence of conduct or conditions occurring
during her pregnancy with K.L.B. does not support a finding under either
subsection (D) or (E).  While Crawley acknowledges that numerous courts have
held that conduct or conditions occurring during pregnancy can be used to
establish the requisites for termination under subsections (D) and (E), she
argues that none of these courts has properly analyzed the statutory language. 
See, e.g., In re T.N.S., 230 S.W.3d 434, 438-39 (Tex. App.CSan Antonio 2007,
no pet.) (discussing relevance of pre-birth conduct and conditions under
subsections (D) and (E)); In re S.P., 168 S.W.3d 197, 203-04 (Tex. App.CDallas 2005, no
pet.) (same); In re M.N.G., 147 S.W.3d 521, 535-36 (Tex. App.CFort Worth 2004,
pet. denied) (discussing relevance under subsection (E)); In re J.T.G.,
121 S.W.3d 117, 125-27 (Tex. App.CFort Worth 2003,
no pet.) (discussing relevance under subsections (D) and (E)).

More specifically, Crawley maintains that if the
legislature had intended for subsections (D) and (E) to apply to conduct or
conditions occurring during pregnancy, it would have expressly so stated in
section 161.001.  She cites examples of other statutory provisions, both within
and without the Family Code, wherein the legislature has used terms such as Aunborn child@ and Afetus@ when it intended
the particular provision to apply to those classes.  See, e.g., Tex.
Penal Code ' 1.07(26) (defining A[i]ndividual@ to include Aan unborn child at
every stage of gestation from fertilization until birth@); Tex. Health
& Safety Code ' 87.001(1) (defining A[b]irth defect@ to include Aimpairment in a
human embryo, fetus, or newborn@).  In short, Crawley argues that because
subsections (D) and (E) use Achild@ and not Afetus@ or Aunborn child,@ conduct or
conditions occurring during pregnancy cannot be used to establish the
termination requirements contained in those subsections.








Crawley=s argument fails for at least two
reasons:  (1) by its own express language, chapter 161 of the Family Code
applies to unborn children, and (2) conduct and conditions occurring during
pregnancy can in fact endanger a child=s well-being. 
Family Code Chapter 161 is entitled ATermination of the
Parent-Child Relationship,@ and it contains provisions detailing the
possible grounds for termination as well as provisions governing termination
procedures.  Tex. Fam. Code ' 161.001-.211.  Section 161.001 provides
the majority of the grounds on which termination may be based.  Id. ' 161.001.  Section
161.102 authorizes a suit for termination to be filed before the child in
question is born.  Id. ' 161.102(a) (AA suit for
termination may be filed before the birth of the child.@).  When a
termination suit is filed before the child is born, the petition must be styled
AIn the Interest of
an Unborn Child.@  Id. ' 161.102(a). 
Neither section 161.102 nor any other section of chapter 161 expressly
delineates which grounds for termination may be used for unborn children versus
children already born.  Accordingly, it stands to reason that all of the
grounds are applicable either to born or not yet born children, unless clearly
inapplicable to one or the other.  There is nothing in subsections 161.001(1)(D)
or (E) to suggest that the conduct or conditions at issue cannot apply to
unborn children.  Conduct can endanger the well-being of an unborn child, and
an unborn child can be exposed to conditions or surroundings which endanger the
unborn child=s well-being.  Here, evidence established that Crawley
was addicted to cocaine, had used cocaine multiple times during her pregnancy,
and had gone to buy drugs in dangerous places while pregnant.  See In re
T.N.S., 230 S.W.3d at 438-39 (considering mother=s drug use and
drug-related criminal activity during pregnancy in upholding termination under
subsections (D) and (E)); In re J.T.G., 121 S.W.3d at 125-27 (holding
that a mother=s drug use during pregnancy may endanger the child=s well-being and
that the parent=s drug addiction, along with the addiction=s effect on the
parent=s lifestyle, may
also endanger the child=s well-being).








AEndanger@ means to expose
to loss or injury; to jeopardize.  Tex. Dept. of Human Servs. v. Boyd,
727 S.W.2d 531, 533 (Tex. 1987) (citing Webster=s New Twentieth
Century Dictionary of the English Language 599 (1976)).  While it requires more
than the mere threat of metaphysical injury, it does not require that actual
injury be shown.  Id.  Evidence establishing a course of conduct
endangering the physical or emotional well‑being of the child is sufficient
to support termination.  Id. at 534.  As stated, there was substantial
evidence that Crawley was addicted to cocaine, used cocaine multiple times
during her pregnancy, and went to dangerous places to purchase cocaine during
her pregnancy.  K.L.B.=s treating physician testified in some
detail regarding the potential after-birth effects of prenatal drug abuse, and
Crawley herself testified that her conduct and the conditions she was exposed
to during pregnancy endangered K.L.B.

For the foregoing reasons, we reject Crawley=s argument that
under a proper statutory construction, section 161.001 would not apply to
conduct or conditions occurring during pregnancy.  Crawley does not make any
further arguments either regarding the proper interpretation of section 161.001
or the sufficiency of the evidence to support the jury=s findings on the
grounds derived from subsections 161.001(1)(D) and (E).  Accordingly, we
overrule Crawley=s two issues.

We affirm the trial court=s judgment.

 

/s/      Adele Hedges

Chief Justice

 

 

Panel consists of
Chief Justice Hedges and Justices Yates and Frost.